UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVILLION WARD,<br><br>    Plaintiff,<br><br>  v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Defendant. | Case No. 23-cv-01599-JST<br><br>**ORDER OF DISMISSAL** |

Plaintiff, an inmate at Valley State Prison, filed this *pro se* action, requesting that the Court vacate a state court judgment. His complaint, ECF No. 1, is now before the Court for screening pursuant to 28 U.S.C. § 1915A. He has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.    Standard of Review**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

1   While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

2   the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

3   A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

4   cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

**B.     Complaint**

Plaintiff requests that this Court vacate the state courts' decisions related to his 2010 sentence and related restitution order.  In his initial motion to vacate (ECF No. 1), Plaintiff alleges that his 2010 sentence is unlawful because the related restitution order failed to consider his ability to pay, in violation of California law, the state and federal constitutional prohibition on cruel and unusual punishment and excessive fines, and his state and federal constitutional rights to due process.  Plaintiff argues that the unlawfulness of the restitution order renders his entire sentence invalid.  Plaintiff also alleges that the state courts erred in denying or disregarding his motions regarding the invalid restitution order, i.e., when they denied his motion for modification of the restitution order, failed to respond to his appeal from the judgment, and denied his motion to recall the remittitur.  Plaintiff also alleges that the state courts made numerous errors, clerical and otherwise, when denying or disregarding his motions.  Plaintiff requests that this Court "vacate [the] unlawful lower court judgment."  It is unclear which lower court judgment Plaintiff refers to: his 2010 sentence and related restitution order; or the July 22, 2022 state court order denying the motion for modification of the restitution order; or the December 9, 2022 California Court of Appeal remittitur; or the February 6, 2023 California Court of Appeal denial of his motion to recall the remittitur; or all of these orders.  Plaintiff also requests that the Court quash the state court's remittitur and order the state appellate court to render a decision on his motion to appeal from judgment. *See generally* ECF No. 1 at 1-6, 10-22.

Plaintiff has since filed a separate pleading, which he identifies as an amendment to the motion to vacate.  ECF No. 5.  According to the body of ECF No. 5, Plaintiff seeks to have ECF No. 1 and ECF No. 5 considered together, as he incorporates ECF No. 1 into ECF No. 5 by reference.  Plaintiff may not amend a pleading piecemeal.  An amended pleading completely replaces prior pleadings, and renders the prior pleading without legal effect. *See, e.g., Lacey v.*

*Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012).  ECF No. 5 therefore replaces ECF No. 1 and waives all claims made in ECF No. 1 that were not repeated in ECF No. 5, which does not appear to be Plaintiff's intention.  Also, ECF No. 5 fails to comply with N.D. Cal. L.R. 10-1 which requires a party seeking to file an amended pleading to "reproduce the entire proposed pleading [without] incorporat[ing] any part of a prior pleading by reference."  N.D. Cal. L.R. 10-1.  Finally, to the extent that Plaintiff seeks to file an amended complaint or motion, the Court notes that amendment would be futile because, as explained in detail below, this action is barred by the *Rooker-Feldman* doctrine.  The proposed amendments—details regarding an allegedly fraudulent appeal transcript and attorney Soglin's alleged but false representation of Plaintiff's appeal—do not rectify the deficiencies identified below.  *See Waldrip v. Hall*, 548 F.3d 729, 732 (9th Cir. 2008)  (in reviewing whether denial or grant of leave to amend was abuse of discretion, appellate court "'often consider[s] . . . bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings.'" (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).

This action is a *de facto* appeal of a state court decision and therefore barred by the *Rooker-Feldman* doctrine.  Under the *Rooker-Feldman* doctrine, "a state-court decision is not reviewable by lower federal courts." *Skinner v. Switzer*, 562 U.S. 521, 532 (2011).  This doctrine bars a federal district court from exercising subject matter jurisdiction "not only over an action explicitly styled as a direct appeal, but also over the 'de facto equivalent' of such an appeal." *Morrison v. Peterson*, 809 F.3d 1059, 1069–70 (9th Cir. 2015) (quoting *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012)).  A "forbidden de facto appeal under *Rooker-Feldman*" arises "when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court."  *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003).  Here, Plaintiff is arguing that the California state courts erred in denying or disregarding his motions regarding the invalid restitution order (the motion for modification of the restitution order, the appeal from the judgment, and the motion to recall the remittitur).  In other words, this action is a *de facto* appeal of the state courts' decisions.  The *Rooker-Feldman* doctrine requires the Court to abstain from considering Plaintiff's *de facto* appeals from the state court's

1  orders.  Accordingly, this action is DISMISSED with prejudice pursuant to the *Rooker-Feldman*
2  doctrine.

### CONCLUSION

For the foregoing reason, the Court DISMISSES this action with prejudice pursuant to the *Rooker-Feldman* doctrine.  The Clerk shall enter judgment in favor of Defendant and against Plaintiff, and close the case.

**IT IS SO ORDERED.**

Dated:  May 22, 2023


JON S. TIGAR
United States District Judge